UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    v.                                                    Case Number: 3:20-cr-86-TJC-JBT

CHRISTIAN FLETCHER,

_____/

**AMENDED MOTION FOR SANCTIONS AGAINST THE GOVERNMENT[1]**

Defendant Fletcher, pursuant to Middle District of Florida Local Rule 5.02(d)(3)(A) and the inherent authority the Court possess to enforce its rules, respectfully moves this Court to sanction the government, specifically to disqualify Assistant United States Attorney ("AUSA") A. Tysen Duva and Senior Litigation Counsel ("SLC") James Hayes for violating L.R. 5.02.

**I.    STATEMENT OF FACTS**

1.    At the conclusion of the trial in this matter, undersigned counsel told this Court that is recognized the Local Rules prohibited contact with jurors without Court permission. The Court ordered the parties to file a motion if any party wanted to contact a juror.

2.    On June 29, 2022, the undersigned filed such a motion. Dkt. 777. The motion has since been adopted by other defendants. Dkts. 778 & 779.

---

[1] Amended to delete paragraph 6 in the Statement of Facts.

3.      On June 30, 2022, AUSA Duva advised the Court that he and SLC Hayes "spoke with [a] juror for about 20 minutes."

4.      That conversation flagrantly violated L.R. 5.02(d). It reads:

COMMUNICATION WITH A JUROR.

(1) No party may communicate with a juror or respond to a juror's unsolicited communication during or after trial.

(2) A party and a juror must report promptly to the judge a request for communication between a party and a juror.

(3) To communicate with a juror, a party:

  (A) must move for permission within fourteen days after the verdict unless the party shows good cause for delay,

  (B) must identify in the motion the juror and the need for the communication, and

  (C) must abide by any condition the judge imposes, including on the place, manner, and scope of, and the participants in, the communication.

5.      Both AUSA Duva and SLC Hayes patently violated L.R. 5.02(b) when they responded to a juror's unsolicited communication after trial.

## II.    MEMORANDUM OF LAW

The Court possesses the authority to sanction Duva and Hayes is derived from two sources of authority. First, Local Rule 2.01(e) provides "A lawyer appearing in the Middle District must remain familiar with, and is bound by, the

2

rules governing the professional conduct of a member of The Florida Bar.[2]" *See also In re ADA Cases*, No. 6:18-mc-14-Orl-31DCI, 2018 U.S. Dist. LEXIS 223146 (M.D. Fla. Nov. 13, 2018), *report and recommendation adopted, e.g.*, 2019 U.S. Dist. LEXIS 46418 (2019). Second, as the Eleventh Circuit has explained:

> Courts possess the inherent power to protect the orderly administration of justice and to preserve the dignity of the tribunal. The inherent power of a court to manage its affairs necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it. A trial court possesses the inherent power to discipline counsel for misconduct, short of behavior giving rise to disbarment or criminal censure, without resort to the powers of civil or criminal contempt.

*Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1209 (11th Cir. 1985) (internal citations and quotation marks omitted).

"The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). "When considering sanctions under the court's inherent power, the threshold of bad faith conduct is at least as high as the threshold of bad faith conduct for sanctions under [28 U.S.C.] § 1927." *Peer v. Lewis*, 606 F.3d 1306, 1316 (11th Cir. 2010) (internal quotation marks omitted).

In the context of § 1927, "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct. The . . . district court must compare

---

[2] According to the Directory of Members of the Court's Bar, Neither Duva nor Hayes are admitted to the Bar of the Middle District of Florida. http://apps.flmd.uscourts.gov/attyadm/attyroll.htm (last visited June 30, 2022). As government lawyers, they are not required to be admitted. L.R. 2.01(a).

the attorney's conduct against the conduct of a reasonable attorney and make a judgment about whether the conduct was acceptable according to some objective standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239–40 (11th Cir. 2006) (internal quotation marks omitted).

Duva and Hayes can find no refuge under an objective standard. The defense put both Duva and Hayes on notice that a Local Rule addressed contact with jurors when the undersigned discussed it on the record on June 27, 2022. An objectively reasonable attorney would have researched the rule to determine its breadth and scope. Of course, an objectively reasonable attorney would have already been familiar with the rule as required by L.R. 2.01(e). Even if none of those things were done by June 29, 2022, an objectively reasonable attorney would have reviewed Dkt. 777 and learned L.R. 5.02 was applicable to contact with a juror.[3] Finally, an objectively reasonable attorney would have heeded Rule 5.02 and not engaged in the conduct AUSA Duva and SLC Hayes did.

Although there exists no absolute prohibition, either in this Court or in the Eleventh Circuit, against contacting jurors post-trial when no verdict was reached, L.R. 5.02(d) makes it abundantly clear that counsel is not to communicate with

---

[3] The email from AUSA Duva conspicuously omitted the date and time of the communication. Further, the email implies that the communication happened in one call, but does not actually make that clear.

4

jurors post-trial without permission from the court.[4] This is true regardless if the contact is unsolicited. In *United States v. Cavallo*, 790 F.3d 1202, 1227 (11th Cir. 2015), our Circuit made clear that a district court has broad authority to impose sanctions for knowingly and intentionally violating a local rural prohibiting communications with a juror without permission, including the severe sanction of excluding evidence at trial. That was appropriate in *Cavallo*. Here, as trial is over, and government counsel was on express notice by the Court that a motion would need to be filed and ruled upon before communicating with a juror. The only real sanction for the brazen conduct of government counsel is disqualification.

## III.   CONCLUSION

**WHEREFORE**, Defendant Fletcher respectfully moves this Court to grant this motion and impose sanctions upon the government, specifically:

1. Disqualify Assistant United States Attorney A. Tysen Duva from further participation in this case.

2. Disqualify Senior Litigation Counsel James Hayes from further

---

[4] The government's conduct is made more egregious because the jury did return verdicts against Defendants Jorge Perez and Ricardo Perez.

participation in this case.

Respectfully submitted,

**STEVEN H. SADOW, P.C.**

*s/ Steven H. Sadow*
**STEVEN H. SADOW**
Georgia Bar Number 622075
260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
Telephone: (404) 577-1400
stevesadow@gmail.com
Attorney for Defendant Fletcher

**LAW OFFICES OF
HORWITZ & CITRO, P.A.**

*s/ Vincent A. Citro*
**VINCENT A. CITRO**
Florida Bar Number: 0468657
17 East Pine Street
Orlando, Florida 32801
Telephone: (407) 843-7733
vince@horwitzcitrolaw.com
Attorney for Defendant Fletcher

## CERTIFICATE OF SERVICE

I certify that on June 30, 2022, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.

> _s/ Vincent A. Citro_
> **VINCENT A. CITRO**
> Florida Bar Number: 0468657